### HOLIDAY OIL 'CO et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

No. 21853. Opinion Filed Nov. 22, 1932.

Rehearing Denied Feb. 28, 1933.

Frederick A. Peek and R. Gilbert, for plaintiffs in error.

Quinn M. Dickason, for defendant in error.

HEFNER, J. This is an appeal from an order of the district court of Okmulgee county reviving a dormant judgment in favor of Fidelity & Deposit Company of Maryland, a corporation. The judgment so revived was entered in that court on October 3, 1924, on mandate issued from this court, in favor of P. C. Smith and W. A. Seidler, partners, against Holiday Oil Company and Black Petroleum Company, as principals, and E. R. Black and Harvey Heller, sureties on the supersedeas bond, in the sum of $9,530, and for $1,300, attorneys fees. On December 29, 1924, the judgment was assigned to the Fidelity & Deposit Company, in whose favor it was revived. Assignment was executed in the name of Smith & Seidler, plaintiffs, by A. L. Emery, attorney of record.

It is first contended by appellants that this assignment was improperly admitted in evidence for the reason that the assignee offered no evidence to prove that Emery, as attorney for judgment creditors, had authority to make the assignment. They seek to invoke the rule that an attorney employed to represent a party in a proceeding has no implied authority, by reason of such employment, to assign a judgment rendered in favor of the client.

The general rule is as contended for by

appellants. Such assignment, however, may be ratified by the client, and such ratification may be proved by circumstances the same as any other fact in the case. In 2 R. C. L. 1,006, the following rule is announced:

"It is a well-established general rule that an attorney at law, merely by virtue of his general employment as such, has no authority to sell or assign a judgment recovered in favor of his client, or any interest therein, in the absence of special authority from his principal. The attempted sale of a judgment by an attorney will bind the client only when the act is ratified or adopted by the receipt of the money or otherwise. The authority of an attorney to assign a judgment or a ratification of his unauthorized act in so doing may be inferred from circumstances, and the silent acquiescence of many years by the client is evidence that the attorney had authority, or of a subsequent ratification."

The record shows that at the time of the hearing on the application to revive the judgment, the alleged assignors thereof had left the state and could not be located; that only a partial assignment of the judgment was executed by the attorney for assignors; and that the attorney's fee allowed in the judgment was expressly excepted from the assignment. After its execution, plaintiffs seemed to have recognized the same, as the record shows that thereafter several executions were issued by them to collect on the judgment for attorney's fee only. The last execution issued by them was dated April 26, 1930, and was issued to collect the sum of $1,300 only. This execution was returned by the sheriff on May 2, 1930, with the endorsement thereon, "Execution ordered returned by attorney for plaintiff." We think this evidence sufficient to show a ratification of the assignment by the assignors and clients of the attorney who executed the assignment.

The assignment was executed on December 29, 1924, and, until the time of the application made by assignee to revive the judgment, no objection seems to have been raised by the judgment creditors as to the authority of the attorney to execute it. The issuance of the execution for the purpose of collecting the attorney's fees only, together with the other circumstances in the case, in our opinion, was sufficient to justify the finding that the judgment creditors ratified the assignment of the judgment as to the principal. Under this record, the judgment debtor cannot complain of the assignment.

It is next contended by appellants that the trial court erred in reviving the judgment for the reason that the record shows that the judgment revived had been satisfied. It is stipulated that the judgment docket in the cause, under date of May 1, 1930, shows the following entry: "Judgment satisfied, Smith and Seidler, by A. L. Emery, their attorney." There was also introduced in evidence an instrument which recites that appellee and assignees of the judgment paid to the original plaintiffs the entire amount of the judgment, less the $1,300 attorney's fee. This instrument was offered in evidence by one of the defendants in an attempt to show a release of the judgment as to himself. The release, however, on its face shows that it only released the judgment lien as to him. The record also shows that the entry of satisfaction was made one day before the execution issued by plaintiff to collect the $1,300 attorney's fee on the judgment was returned at the request of the attorney for the judgment creditor. Attorneys for appellants contend that, in the absence of any other evidence, the trial court had a right to draw the inference that the attorney for judgment creditor entered satisfaction of the judgment for the reason that the judgment creditor had collected from the assignee the principal of the judgment and had collected, under execution, the attorney's fee; and that they, therefore, had no further interest in the judgment. Defendants, judgment debtors, offered no further evidence.

In the absence of evidence to the contrary, we think the record justified the court in arriving at the conclusion that the claim of appellee had not been satisfied. Especially is this true since, in the instrument offered by defendants, they recognize appellee as the owner of the entire judgment, except the attorney's fee. This instrument is dated November 21, 1929. Satisfaction was entered May 1, 1930. It is not to be presumed that defendants, after recognizing appellee as the owner of a portion of the judgment, and with full knowledge that it had been assigned, paid the entire amount thereof to the assignors, when, under the execution, they claimed attorney fees only.

Defendants further complain that the appellee cannot maintain this action to revive the judgment, as only part of the

judgment was assigned to them; and that the law will not recognize a partial assignment. Many authorities hold that a partial assignment is void as to the judgment debtor if made without his consent. 15 R. C. L. 781. These holdings are based on the principle that a creditor cannot split his claim or demand. This principle is inapplicable to the case at bar. Under the record there is evidence sufficient to warrant the conclusion that defendants voluntarily paid the portion of the judgment retained by assignors; they have no further interest therein. As between the parties, a partial assignment of a judgment is valid. 15 R. C. L. 782.

The judgment debtors, having voluntarily paid that portion of the judgment retained by the assignors, will be deemed to have consented to the assignment and cannot now be heard to complain of the partial assignment thereof.

The order of the district court reviving the judgment in favor of appellee is affirmed.

LESTER, C. J., RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.